979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Allen SELF, Petitioner-Appellant,
v.
COMMONWEALTH OF KENTUCKY, 55TH JUDICIAL CIRCUIT, Respondent-Appellee.
 No. 92-5533.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 John Allen Self, a Kentucky indictee, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Self was indicted in March 1987 in Bullitt County, Kentucky, on charges of first degree wanton endangerment and unlawful transaction with a minor. The charges grew out of a 1986 automobile accident in which two 14-year-old girls were killed. After the jury was sworn in Self's trial but before any evidence had been presented, Self's counsel presented a motion to dismiss the indictment, which was granted by the trial court. In its order, the trial court cited commentary to support its belief that Kentucky's wanton endangerment statute was inapplicable to a case where a death was involved and that the state should have brought a homicide charge. The trial court dismissed the count charging unlawful transaction with a minor on the ground that venue was improper, since the underage girls had been provided with alcohol in Hardin, rather than Bullitt, County. The Kentucky Court of Appeals reversed the trial court's decision in an opinion filed March 12, 1991. That court found that the indictment was not contrary to law and held that a retrial would not violate Self's protection against double jeopardy. The Kentucky Supreme Court denied discretionary review. Self's indictment was subsequently reinstated and a new trial was scheduled.
 
 
 3
 In his habeas petition, Self raised the double jeopardy issue as his sole ground for relief. The commonwealth challenged the district court's jurisdiction to consider this petition because Self is not "in custody pursuant to the judgment of a State court...." 28 U.S.C. § 2254(a).
 
 
 4
 In its memorandum opinion and judgment, filed March 17, 1992, the district court held that the concept of custody for purposes of § 2254 is broad enough to encompass Self's situation. The district court thus found that it had jurisdiction to consider the petition. However, the district court further held that Self's retrial upon his reindictment was not barred by the Double Jeopardy Clause.
 
 
 5
 On appeal, Self, through counsel, continues to argue the merits of his claim. The commonwealth again raises the issue of jurisdiction.
 
 
 6
 Upon review, we affirm the district court's judgment because the district court had jurisdiction over this action and correctly held that Self's trial upon his reindictment is not barred by the Double Jeopardy Clause.
 
 
 7
 Self's petition was filed under § 2254, which requires that the petitioner be in custody pursuant to a state court judgment. Where no judgment has been entered, as in this case, a petition for habeas relief brought under § 2254 is improper. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 503-04 (1973) (Rehnquist, J., dissenting); Atkins v. Michigan, 644 F.2d 543, 546 n. 1 (6th Cir.1981). However, the court may construe the petition as also brought under 28 U.S.C. § 2241, which does not require entry of a judgment. See Atkins, 644 F.2d at 546.
 
 
 8
 Nonetheless, Self's double jeopardy claim is meritless. Retrial is not barred if the first trial ended, as here, without a verdict due to no fault of the prosecution. See Sizemore v. Fletcher, 921 F.2d 667, 672-73 (6th Cir.1990). It was Self who moved to dismiss the indictment after the jury was sworn and before any evidence was presented. The record does not indicate that the prosecution committed any act to provoke the motion. Moreover, as found by the state appellate court, the prosecution acted within its discretion in charging wanton endangerment and this charge was not contrary to state law. Therefore, this situation is analogous to a case where the defendant has moved the court for a mistrial without being goaded to do so by the prosecution; this court has held that retrial is not barred in such a case. See United States v. White, 914 F.2d 747, 752 (6th Cir.1990).
 
 
 9
 Accordingly, the district court's judgment, filed March 17, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.